# ORIGINAL

## In the United States Court of Federal Claims

No. 15-1175C
(Filed: August 25, 2016)

```
************************************
MELZA E. JORDAN, SR.,              *
                                   *
              Plaintiff,           *
                                   *
v.                                 *
                                   *
THE UNITED STATES,                 *
                                   *
              Defendant.           *
************************************
```

FILED

AUG 2 5 2016

U.S. COURT OF
FEDERAL CLAIMS

Motion to Dismiss; Application to Proceed
In Forma Pauperis; Pro Se Plaintiff;
Procedural Due Process; Federal Rules of
Civil Procedure; 28 U.S.C. § 1331;
Constitution of the State of Illinois; "Bivens
Action"; Second, Fourth, Fifth, Eighth,
and Fourteenth Amendments to the United
States Constitution; Lack of Jurisdiction

Melza E. Jordan, Sr., Joliet, Illinois, pro se.

Courtney D. Enlow, United States Department of Justice, Washington, DC, for defendant.

### OPINION AND ORDER

**SWEENEY**, Judge

    Before the court is defendant's motion to dismiss plaintiff's pro se amended complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). In addition, plaintiff has filed an application to proceed in forma pauperis. Plaintiff alleges that Judge Virginia M. Kendall of the United States District Court for the Northern District of Illinois ("district court")—in both her individual and official capacity—various federal employees, and the United States—as their employer—deprived him of access to the district court by dismissing his complaint against a particular hospital and certain doctors, and by ruling against him on various motions. Plaintiff brings suit pursuant to several amendments to the United States Constitution, the Constitution of the State of Illinois, and 28 U.S.C. § 1331, among other sources of law. Although the court grants plaintiff's application to proceed in forma pauperis, it possesses no jurisdiction to hear his claims. Accordingly, the court grants defendant's motion and dismisses plaintiff's amended complaint.

### I. BACKGROUND

    Plaintiff Melza E. Jordan, Sr. alleges that he previously brought suit in the district court, and that his case was assigned to Judge Virginia M. Kendall. According to plaintiff, his claims arose from his being "wrongfully seized and detained against [his] will in the Psychiatric Ward of Provena St. Joseph Medical [T]reatment Facility, and from [his] being subject to psychiatric drugs and . . . to the fraudulent seizure of monies from [his] medical insurance carrier." Am. Compl. 6. On May 17, 2012, the district court dismissed his complaint for lack of subject matter

USPS TRACKING #
& CUSTOMER
RECEIPT

9114 9014 9645 0594 5522 21

For Tracking or inquiries go to USPS.com
or call 1-800-222-1811.

jurisdiction pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1).  Plaintiff subsequently moved for relief from judgment pursuant to FRCP 60(b)(6) and for permission to file an amended complaint.  On July 3, 2012, the district court denied the motion for relief from judgment, but allowed plaintiff to file an amended complaint.  Plaintiff filed an amended complaint on July 30, 2012.

On October 9, 2015, plaintiff filed suit in this court.  Subsequently, defendant filed a motion to dismiss plaintiff's complaint, and then on March 14, 2016, plaintiff filed an amended complaint.  In his amended complaint, plaintiff brings suit against Judge Kendall in both her official and individual capacities, certain "unknown administrative assistants," and the United States—as their employer.  Id.  Plaintiff alleges that by dismissing his complaint, the district court "deprived [him] of his rights to the full and equal benefit of . . . procedural due process" during the "limited pre-trial proceedings."  Id. at 2.  Plaintiff contends that defendants in this case acted "intentionally, recklessly, and in careless disregard and in gross negligence."  Id.  Plaintiff calls his case a "Bivens Action," and argues that his rights were violated under the district court's local rules; the Federal Rules of Civil Procedure; Article I of the Constitution of the State of Illinois; 28 U.S.C. § 1331; and the Second, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  Plaintiff seeks compensatory, consequential, general, proximate, and special damages in the sum of $250,000.

Defendant filed a motion to dismiss plaintiff's amended complaint, for lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1).  The motion is fully briefed, and the court deems oral argument unnecessary.

## II. LEGAL STANDARDS

### A. Tucker Act

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited.  "The United States, as sovereign, is immune from suit save as it consents to be sued."  United States v. Sherwood, 312 U.S. 584, 586 (1941).  A waiver of immunity "cannot be implied but must be unequivocally expressed."  United States v. King, 395 U.S. 1, 4 (1969).  The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States not sounding in tort that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States.  28 U.S.C. § 1491(a)(1) (2012).  However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages."  United States v. Testan, 424 U.S. 392, 398 (1976).  Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States."  Lovcladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

### B. RCFC 12(b)(1) Motion to Dismiss

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868).  The parties, or the court, sua sponte, may challenge the existence of subject matter jurisdiction at any time. Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006).

When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995).  A pro se plaintiff's complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' . . . ." Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  However, a pro se plaintiff is not excused from meeting basic jurisdictional requirements. See Henke, 60 F.3d at 799 ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be.").  In other words, a pro se plaintiff is not excused from his burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).  The plaintiff cannot rely solely on allegations in the complaint, but must bring forth relevant, adequate proof to establish jurisdiction. See McNutt, 298 U.S. at 189.  Ultimately, if the court finds that it lacks subject matter jurisdiction, then it must dismiss the claim. Matthews v. United States, 72 Fed. Cl. 274, 278 (2006); see also RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III.  DISCUSSION

In his amended complaint, plaintiff alleges that the district court violated his procedural due process rights when it dismissed his complaint, and requests that this court award him damages.  The court lacks jurisdiction over plaintiff's claims.  Consequently, plaintiff's complaint must be dismissed.

### A.  The United States Is the Only Proper Defendant in the Court of Federal Claims

Although the court has read the complaint in the light most favorable to plaintiff, it cannot locate any allegations that implicate the United States.  Plaintiff instead brings suit against individuals, namely, Judge Kendall, and certain administrative assistants who presumably work for the district court and are thus federal employees.  However, in the Court of Federal Claims, "the only proper defendant . . . is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003); accord RCFC 10(a). Indeed, the "Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997); see also Cleavinger v. Saxner, 474 U.S. 193, 199 (1985) (recognizing that

federal judges are immune from suit for damages for their official actions); <u>Ealy v. United States</u>, 120 Fed. Cl. 801, 805 (2015) ("The Court lacks jurisdiction over actions against Federal judges."). Thus, the court lacks jurisdiction to entertain claims against Judge Kendall, and to the extent that they are federal employees, the unnamed administrative assistants implicated by plaintiff. Further, to the extent that the unnamed administrative assistants are not federal government employees, this court has no jurisdiction to entertain claims against private parties. <u>Nat'l City Bank v. United States</u>, 143 Ct. Cl. 154, 164 (1958) ("It is well established that the jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties could not be entertained.").

Plaintiff also alleges that the United States is liable as the employer of the federal officials he identifies in his amended complaint. This court lacks jurisdiction to entertain such claims of vicarious liability. <u>O'Connor v. United States</u>, No. 09-383C et al., 2009 WL 4884463, at *5 (Fed. Cl. Dec. 9, 2009) (citing <u>Hammitt v. United States</u>, 64 Fed. Cl. 547, 548-49 (2005)). Ultimately, the jurisdiction of the Court of Federal Claims "is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." <u>Sherwood</u>, 312 U.S. at 584. Accordingly, because plaintiff asserts claims against parties who are not the United States, and against the United States as an employer instead of as an entity in itself, his claims are dismissed for lack of jurisdiction.

### B. The Court of Federal Claims Cannot Review the Decision of a District Court

Although the court has concluded that plaintiff's failure to assert a claim against the United States deprives it of jurisdiction, it will briefly address plaintiff's claims as a matter of completeness. First, plaintiff states in his amended complaint that "this action is not an attempt to use this Court as a means to engage in any form of appellate court proceedings to seek the reversal of the actions and/or inactions on the part of the U.S. District Judge Virginia M. Kendall." Am. Compl. 2. "Rather," plaintiff contends, "this action is being brought forth to redress grievances of being discriminated against and deprived of [the] right to due process of law during the limited pre-trial proceedings" in the district court. <u>Id.</u> Although plaintiff states that he does not seek reversal of the district court's judgment, to the extent that his allegations can be construed as an attack on the district court's dismissal of his amended complaint, this court lacks jurisdiction to entertain them. <u>Joshua v. United States</u>, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts."). Accordingly, such claims must be dismissed.

### C. Even if Plaintiff Alleged Claims Against the United States, the Court Lacks Jurisdiction to Entertain Them

Moreover, this court lacks jurisdiction over claims premised on the sources of law that plaintiff references in his amended complaint. First, plaintiff states that his case is a "Bivens Action." Am. Compl. 1. A "<u>Bivens</u>" action is one based on <u>Bivens v. Six Unknown Named Defendants</u>, 456 F.2d 1339 (1972), a case in which the Supreme Court of the United States held that a violation of one's Fourth Amendment rights by federal officials can give rise to a federal

cause of action for an unlawful search and seizure.  Here, plaintiff does not supply any facts indicating that he was subjected to unlawful search and seizure.  Instead, he contends that his rights were violated when his complaint was dismissed in the district court.  Nonetheless, even if plaintiff had sufficiently pled a <u>Bivens</u> claim, this court would lack jurisdiction to hear it.  <u>Ealy</u>, 120 Fed. Cl. at 805; <u>see also</u> <u>Brown</u> 105 F.3d at 623.

Second, plaintiff contends that defendants violated 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2012).  Plaintiff is mistaken.  This statute is "jurisdictional," and therefore "'do[es] not create any substantive right enforceable against the United States for money damages.'" <u>Hall v. United States</u>, 69 Fed. Cl. 51, 57 (2005) (quoting <u>DeVilbiss v. Small Bus. Admin.</u>, 661 F.2d 716, 718 (8th Cir. 1981)).  Further, to the extent that plaintiff cites the statute as a basis for jurisdiction, this court "does not have federal question jurisdiction under 28 U.S.C. § 1331," <u>Faulkner v. United States</u>, 43 Fed. Cl. 54, 55 (1999), because it is not a district court, <u>Ledford v. United States</u>, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (per curiam).

Third, plaintiff alleges that defendants violated Article I of the Constitution of the State of Illinois.  However, the Tucker Act only provides for jurisdiction for claims arising under the United States Constitution, not state constitutions.  <u>See</u> 28 U.S.C. § 1491; <u>O'Diah v. United States</u>, 2016 WL 1019251, No. 15-332C, at *2 (Fed. Cl. May 19, 2016) (explaining that "the Court of Federal Claims has no jurisdiction to rule on claims arising under any state constitution") (citing <u>Kurt v. United States</u>, 103 Fed. Cl. 384, 388 (2012) (citing 28 U.S.C. § 1491)).

Fourth, plaintiff contends that defendants were in contravention of the local rules of the district court and the Federal Rules of Civil Procedure.  This court lacks jurisdiction over alleged violations of those rules.  <u>See</u> <u>Young v. United States</u>, 88 Fed. Cl. 283, 288 (2009) (finding that the court lacked jurisdiction over alleged violations of the Federal Rules of Civil Procedure).

Fifth, plaintiff argues that defendants engaged in "intentional[], reckless[], and . . . careless disregard and in gross negligence." Am. Compl. 2.  These claims sound in tort.  <u>See</u> <u>Cottrell v. United States</u>, 42 Fed. Cl. 144, 149 (1998) (holding that claims "that defendant engaged in negligent, fraudulent, or other wrongful conduct when discharging its official duties" sound in tort).  It is well settled that the Court of Federal Claims lacks jurisdiction over tort claims.  <u>See</u> 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . in cases not sounding in tort."); <u>Rick's Mushroom Serv., Inc. v. United States</u>, 521 F.3d 1338, 1343 (Fed. Cir. 2008); <u>Woodruff v. United States</u>, 80 Fed. Cl. 806, 816 (2008); <u>McCauley v. United States</u>, 38 Fed. Cl. 250, 264 (1997) ("Jurisdiction to hear tort claims is exclusively granted to the United States District Courts under the Federal Tort Claims Act."), <u>aff'd</u>, 152 F.3d 948 (Fed. Cir. 1998).

Sixth, plaintiff raises claims under several amendments to the United States Constitution over which this court lacks jurisdiction.  Plaintiff invokes the Second Amendment, which states that "[a] well regulated militia, being necessary to the security of a free state, the right of the

people to keep and bear arms, shall not be infringed." U.S. Const. amend. II. However, this court lacks jurisdiction over such claims because the Second Amendment is not money-mandating. Elkins v. United States, 229 Ct. Cl. 607, 608 (1981) (per curiam) ("[E]xcept for the taking clause of the fifth amendment, the other amendments do not require the United States to pay money for their alleged violation,"); see also Gssime v. United States, No. 14-506C, 2014 WL 6778581, at *6 (Fed. Cl. Nov. 26, 2014). Plaintiff also invokes the Fourth Amendment, which provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. Because the Fourth Amendment is not money-mandating, the court lacks jurisdiction over plaintiff's claims brought pursuant to it. See Brown, 105 F.3d at 623; accord Dupre v. United States, 229 Ct. Cl. 706, 706 (1981) (per curiam).

Plaintiff also asserts claims arising under the Due Process Clauses of the Fifth and Fourteenth Amendments. The Due Process Clause of the Fifth Amendment provides, in relevant part, "nor shall any person . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Similarly, the Due Process Clause of the Fourteenth Amendment states, "nor shall any state deprive any person of life, liberty, or property, without due process of law." Id. at amend. XIV. However, this court lacks jurisdiction over such claims because neither clause is money-mandating. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[T]he Due Process Clauses of the Fifth and Fourteenth Amendments . . . [are not] a sufficient basis for jurisdiction because they do not mandate payment of money by the government."); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (holding that the Due Process Clauses of the Fifth and Fourteenth Amendments "do not trigger Tucker Act jurisdiction in the courts"). In addition, plaintiff cites the Eighth Amendment, which provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. This constitutional amendment is not money-mandating. See Ogden v. United States, 61 Fed. Cl. 44, 47 (2004); accord Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2009) (per curiam). Accordingly, the court possesses no jurisdiction over plaintiff's Eighth Amendment claims.

### D. The Court Grants Plaintiff's Application to Proceed In Forma Pauperis

Finally, as noted above, plaintiff filed, concurrent with his complaint, an application to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, courts of the United States are permitted to waive filing fees and security under certain circumstances.[1] See 28 U.S.C.

---

[1] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title twenty-eight of the United States Code, the court has jurisdiction to grant or deny applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915); see also Matthews, 72 Fed. Cl. at 277-78 (recognizing that Congress enacted the

§ 1915(a)(1); <u>see also</u> <u>Hayes v. United States</u>, 71 Fed. Cl. 366, 366-67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike).  Plaintiffs wishing to proceed <u>in</u> <u>forma</u> <u>pauperis</u> must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress.  28 U.S.C. § 1915(a)(1).  Here, plaintiff has satisfied all three requirements.  The court therefore grants plaintiff's application and waives his filing fee.

## IV.  CONCLUSION

In sum, the court **GRANTS** defendant's motion, **DISMISSES** plaintiff's complaint for lack of jurisdiction, and **GRANTS** plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  No costs.  The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge

---

Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing the court to, among other things, adjudicate applications to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915).